ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS,
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8



FILED

⌐c  1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9

10            UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

**EDL**

11

12  CRAIG YATES, an individual; and          CASE NO.
    DISABILITY RIGHTS, ENFORCEMENT,          **Civil Rights**
13  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
    corporation,                             )  **AND DAMAGES:**
14                                           )
              Plaintiffs,                    )  **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
15                                           )  by a Public Accommodation in Violation of the
    v.                                       )  Americans with Disabilities Act of 1990 (42
16                                           )  U.S.C. §12101, *et seq.*)
    EL SOMBRERO; AGNES R. REEVES, as )
17  trustee for BEULAH MASTERSON;            )  **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
    SALVADOR A. VARGAS, an individual )        and Equal Access in Violation of California
18  dba EL SOMBRERO;                         )  Civil Code §§54, 54.1 and 54.3
                                             )
19            Defendants.                    )  **3ʳᵈ CAUSE OF ACTION:** For Denial of
                                             )  Accessible Sanitary Facilities in Violation of
20  _____       California Health & Safety Code §19955, *et seq.*

21                                              **4ᵗʰ CAUSE OF ACTION:** For Denial of
                                                Access to Full and Equal Accommodations,
22                                              Advantages, Facilities, Privileges and/or
                                                Services in Violation of California Civil Code
23                                              §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                              **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1 Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3 corporation (hereinafter sometimes referred to as "DREES"), complain of defendants AGNES R.

4 REEVES, as trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba

5 EL SOMBRERO and allege as follows:

6 **INTRODUCTION:**

7     1.    This is a civil rights action for discrimination against persons with physical

8 disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9 members, for failure to remove architectural barriers structural in nature at defendants' EL

10 SOMBRERO, a place of public accommodation, thereby discriminatorily denying plaintiffs and

11 the class of other similarly situated persons with physical disabilities access to, the full and equal

12 enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13 accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the

14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16     2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17 October 25, 2006, January 12, 2007 and January 26, 2007, was an invitee, guest, patron,

18 customer at defendants' EL SOMBRERO, in the City of Berkeley, California. At said time and

19 place, defendants failed to provide proper legal access to the restaurant, which is a "public

20 accommodation" and/or a "public facility" including, but not limited to signage, path of travel

21 and the unisex restroom. The denial of access was in violation of both federal and California

22 legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and

23 equal access, and was embarrassed and humiliated.

24 **JURISDICTION AND VENUE:**

25     3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

26 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 California law, whose goals are closely tied with the ADA, including but not limited to violations
2 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
3 *seq.*, including §19959; Title 24 California Building Standards Code.

4     4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
5 founded on the facts that the real property which is the subject of this action is located at/near
6 2101 University Avenue, in the City of Berkeley, County of Alameda, State of California, and
7 that plaintiffs' causes of action arose in this county.

8 **PARTIES:**

9     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
10 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
11 disabled", "physically handicapped" and "person with physical disabilities" are used
12 interchangeably, as these words have similar or identical common usage and legal meaning, but
13 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
14 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
15 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
16 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
17 and United States laws. Plaintiff is a paraplegic. Plaintiff CRAIG YATES requires the use of a
18 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
19 portion of the public whose rights are protected by the provisions of Health & Safety Code
20 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
21 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
22 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
23 §12101, *et seq.*

24     6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
25 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
26 with persons with disabilities to empower them to be independent in American society. DREES
27 accomplishes its goals and purposes through education on disability issues, enforcement of the
28 rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1  general public, public agencies and the private business sector. DREES brings this action on

2  behalf of its members, many of whom are persons with physical disabilities and whom have

3  standing in their right to bring this action.

4      7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

5  and invitees at the subject EL SOMBRERO, and that the interests of plaintiff DREES in

6  removing architectural barriers at the subject restaurant advance the purposes of DREES to

7  assure that all public accommodations, including the subject EL SDOBRERO, are accessible to

8  independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged

9  herein is purely statutory in nature.

10      8.    Defendants AGNES R. REEVES, as trustee for BEULAH MASTERSON;

11  SALVADOR A. VARGAS, an individual dba EL SOMBRERO (hereinafter alternatively

12  collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

13  agents of the owners, lessors and/or lessees, of the public accommodation known as EL

14  SOMBRERO, located at/near 2101 University Avenue, Berkeley, California, or of the building

15  and/or buildings which constitute said public accommodation.

16      9.    At all times relevant to this complaint, defendants AGNES R. REEVES, as trustee

17  for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,

18  own and operate in joint venture the subject EL SOMBRERO as a public accommodation. This

19  business is open to the general public and conducts business therein. The business is a "public

20  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

21  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

22  *seq.*

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    10.    At all times relevant to this complaint, defendants AGNES R. REEVES, as trustee

2 for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO

3 are jointly and severally responsible to identify and remove architectural barriers at the subject

4 pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

5 part:

6           § 36.201       General

7                (b) *Landlord and tenant responsibilities.* Both the landlord
        who owns the building that houses a place of public
8        accommodation and the tenant who owns or operates the place of
        public accommodation are public accommodations subject to the
9        requirements of this part.  As between the parties, allocation of
        responsibility for complying with the obligations of this part may
10       be determined by lease or other contract.

11          28 CFR §36.201(b)

12   **PRELIMINARY FACTUAL ALLEGATIONS:**

13   11.    The EL SOMBRERO, is a restaurant, located at/near 2101 University Avenue,

14 Berkeley, California.  The EL SOMBRERO restaurant,  its signage, path of travel, unisex

15 restroom, and its other facilities are each a "place of public accommodation or facility" subject to

16 the barrier removal requirements of the Americans with Disabilities Act.  On information and

17 belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18 additions", each of which has subjected the EL SOMBRERO and each of its facilities, its

19 signage, path of travel and the unisex restroom to disability access requirements per the

20 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

21 California Code of regulations (Title 24).

22   12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23   13.    At all times referred to herein and continuing to the present time, defendants, and

24 each of them, advertised, publicized and held out the EL SOMBRERO restaurant as being

25 handicapped accessible and handicapped usable.

26   14.    On or about October 25, 2006, January 12, 2007 and January 26, 2007, plaintiff

27 CRAIG YATES was an invitee and guest at the subject EL SOMBRERO restaurant, for purposes

28 of having food and beverage.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    15.    On or about October 25, 2006, plaintiff CRAIG YATES needed to use a restroom.

2  Plaintiff wheeled to the door which leads to the unisex restroom. On the way, plaintiff CRAIG

3  YATES struck his right shoulder on a shelf which was too high and protruded too far into the

4  path of travel. The door was locked and did not have levered hardware. Plaintiff informed the

5  counter person and the door was unlocked.

6    16.    At said time and place, plaintiff CRAIG YATES struggled with the door knob.

7  Once plaintiff CRAIG YATES opened the door, there was no signage indicating the direction of

8  the unisex restroom. Luckily, plaintiff CRAIG YATES turned left.

9    17.    At said time and place, plaintiff wheeled to the unisex restroom. The door did not

10  have levered hardware and swing in reducing the clear space. The unisex restroom was missing

11  a rear grab bar.

12    18.    On or about January 12, 2007, plaintiff CRAIG YATES returned to EL

13  SOMBRERO restaurant. Plaintiff CRAIG YATES encountered all the same architectural

14  barriers stated herein.

15    19.    On or about January 26, 2007, plaintiff CRAIG YATES once again, returned to

16  the EL SOMBRERO. It was apparent that nothing was done to identify and remove barriers.

17  Plaintiff CRAIG YATES encountered all the same barriers as stated herein.

18    20.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

19  disability, encountered the following inaccessible elements of the subject EL SOMBRERO

20  restaurant which constituted architectural barriers and a denial of the proper and legally-required

21  access to a public accommodation to persons with physical disabilities including, but not limited

22  to:

23    a.    lack of directional signage to show accessible routes of travel i.e restroom;

24    b.    lack of a handicapped-accessible unisex restroom;

25    c.    lack of levered hardware on the doors;

26    d.    lack of serving the hallway and;

27    e.    lack of a clear path of travel to the unisex restroom due to a protruding
          shelf;

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1

2

      f.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

3

4

5

21.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

6

7

8

9

10

11

12

22.     At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

13

14

15

16

17

23.     As a legal result of defendants AGNES R. REEVES, as trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

18

19

20

21

22

23

24

25

26

27

28

24.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES  suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on October 25, 2006.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing counter self plaintiff CRAIG YATES struck it with his shoulder causing trauma to it.  Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1  prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for
2  mental and emotional distress over and above that usually associated with the discrimination and
3  physical injuries claimed, and no expert testimony regarding this usual mental and emotional
4  distress will be presented at trial in support of the claim for damages.

5      25.    Defendants', and each of their, failure to remove the architectural barriers
6  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
7  accommodation, and continues to create continuous and repeated exposure to substantially the
8  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

9      26.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights
10  to equal access to a public facility by defendants AGNES R. REEVES, as trustee for BEULAH
11  MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO maintained a
12  restaurant without access for persons with physical disabilities to its facilities, including but not
13  limited to the signage, path of travel, unisex restroom, and other public areas as stated herein, and
14  continue to the date of filing this complaint to deny equal access to plaintiffs and other persons
15  with physical disabilities in these and other ways.

16      27.    On information and belief, construction alterations carried out by defendants have
17  also triggered access requirements under both California law and the Americans with Disabilities
18  Act of 1990.

19      28.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the EL
20  SOMBRERO restaurant to be made accessible to meet the requirements of both California law
21  and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
22  defendants operate the restaurant as a public facility. Plaintiffs seek damages for violation of
23  their civil rights on October 25, 2006, January 12, 2007 and January 26, 2007 and they seek
24  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
25  pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was
26  deterred from returning to the restaurant because of his knowledge and belief that the premises
27  was and remains inaccessible to persons with disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1   29.   On information and belief, defendants have been negligent in their affirmative
2   duty to identify the architectural barriers complained of herein and negligent in the removal of
3   some or all of said barriers.

4   30.   Because of defendants' violations, plaintiffs and other persons with physical
5   disabilities are unable to use public facilities such as those owned and operated by defendants on
6   a "full and equal" basis unless such facility is in compliance with the provisions of the
7   Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*
8   *seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court
9   compelling defendants to make the EL SOMBRERO restaurant accessible to persons with
10  disabilities.

11  31.   On information and belief, defendants have intentionally undertaken to modify
12  and alter existing building(s), and have failed to make them comply with accessibility
13  requirements under the requirements of ADAAG and Title 24. The acts and omission of
14  defendants, and each of them, in failing to provide the required accessible public facilities at
15  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and
16  despicable conduct carried out by defendants, and each of them, with a willful and conscious
17  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a
18  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
19  profound example of defendants, and each of them, to other operators of other restaurants and
20  other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
21  §§ 51, 51.5 and 54.

22  32.   Plaintiffs are informed and believe and therefore allege that defendants AGNES
23  R. REEVES, as trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual
24  dba EL SOMBRERO, and each of them, caused the subject building(s) which constitute the EL
25  SOMBRERO to be constructed, altered and maintained in such a manner that persons with
26  physical disabilities were denied full and equal access to, within and throughout said building(s)
27  of the restaurant and were denied full and equal use of said public facilities. Furthermore, on
28  information and belief, defendants have continued to maintain and operate said restaurant and/or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1  its building(s) in such conditions up to the present time, despite actual and constructive notice to
2  such defendants that the configuration of the EL SOMBRERO and/or its building(s) is in
3  violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG
4  YATES, the membership of plaintiff DREES and the disability community which DREES
5  serves. Such construction, modification, ownership, operation, maintenance and practices of
6  such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code
7  §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

8      33.    On personal knowledge, information and belief, the basis of defendants' actual
9  and constructive notice that the physical configuration of the facilities including, but not limited
10 to, architectural barriers constituting the EL SOMBRERO and/or building(s) was in violation of
11 the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited
12 to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
13 restaurants, hotels, motels and businesses, notices they obtained from governmental agencies
14 upon modification, improvement, or substantial repair of the subject premises and other
15 properties owned by these defendants, newspaper articles and trade publications regarding the
16 Americans with Disabilities Act of 1990 and other access laws, public service announcements by
17 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
18 Defendants' failure, under state and federal law, to make the EL SOMBRERO accessible is
19 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
20 situated persons with disabilities. Despite being informed of such effect on plaintiff and other
21 persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
22 them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
23 and equal access for plaintiffs and other persons with physical disabilities to the restaurant. Said
24 defendants, and each of them, have continued such practices, in conscious disregard for the rights
25 of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,
26 and continuing thereon. Defendants had further actual knowledge of the architectural barriers
27 referred to herein by virtue of the demand letter addressed to the defendants and served
28 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

2  conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

3  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

4       34.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

5  the disability community which it serves, consisting of persons with disabilities, would, could

6  and will return to the subject public accommodation when it is made accessible to persons with

7  disabilities.

8  **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
9      DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**
       (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
10     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
       benefit corporation and Against Defendants AGNES R. REEVES, as trustee for
11     BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL
       SOMBRERO, inclusive)
12     (42 U.S.C. §12101, et seq.)

13      35.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

14  the allegations contained in paragraphs 1 through 34 of this complaint.

15      36.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

16  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

17  protect:

18              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
19              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a
20              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality
21              of opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
22              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
23              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.

24      37.     Congress stated as its purpose in passing the Americans with Disabilities Act of

25  1990 (42 U.S.C. §12102):

26              It is the purpose of this act (1) to provide a clear and
                comprehensive national mandate for the elimination of
27              discrimination against individuals with disabilities; (2) to provide
                clear, strong, consistent, enforceable standards addressing
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1   discrimination against individuals with disabilities; (3) to ensure
    that the Federal government plays a central role in enforcing the
2   standards established in this act on behalf of individuals with
    disabilities; and (4) to invoke the sweep of Congressional
3   authority, including the power to enforce the 14th Amendment and
    to regulate commerce, in order to address the major areas of
4   discrimination faced day to day by people with disabilities.

5   38.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

6   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

7   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

8   accommodations identified for purposes of this title was:

9       (7)    PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
10             title, if the operations of such entities affect commerce -

11  (B) a restaurant, bar or other establishment serving food or drink;

12      42 U.S.C. §12181(7)(B)

13  39.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

14  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

15  privileges, advantages, or accommodations of any place of public accommodation by any person

16  who owns, leases, or leases to, or operates a place of public accommodation".

17  40.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

18  42 U.S.C. §12182(b)(2)(a) are:

19      (I)    the imposition or application of eligibility criteria
               that screen out or tend to screen out an individual with a disability
20             or any class of individuals with disabilities from fully and equally
               enjoying any goods, services, facilities, privileges, advantages, or
21             accommodations, unless such criteria can be shown to be necessary
               for the provision of the goods, services, facilities, privileges,
22             advantages, or accommodations being offered;

23      (ii)   a failure to make reasonable modifications in
               policies, practices, or procedures, when such modifications are
24             necessary to afford such goods, services, facilities, privileges,
               advantages or accommodations to individuals with disabilities,
25             unless the entity can demonstrate that making such modifications
               would fundamentally alter the nature of such goods, services,
26             facilities, privileges, advantages, or accommodations;

27      (iii)  a failure to take such steps as may be necessary to
               ensure that no individual with a disability is excluded, denied
28             services, segregated or otherwise treated differently than other

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2
3

individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

4
5

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

6
7
8

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

9    The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

10   Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

11   Effective January 31, 1993, the standards of the ADA were also incorporated into California

12   Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

13   52(a) and 54.3.

14        41.     The removal of the barriers complained of by plaintiffs as hereinabove alleged

15   was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of EL

16   SOMBRERO pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the

17   removal of all the barriers complained of herein together was not "readily achievable," the

18   removal of each individual barrier complained of herein was "readily achievable."  On

19   information and belief, defendants' failure to remove said barriers was likewise due to

20   discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

21   (b)(2)(A)(i)and (ii).

22        42.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

23   accomplishable and able to be carried out without much difficulty or expense."  The statute

24   defines relative "expense" in part in relation to the total financial resources of the entities

25   involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

26   plaintiffs complain of herein were and are "readily achievable" by the defendants under the

27   standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
2    make the required services available through alternative methods which were readily achievable.

3        43.        On information and belief, construction work on, and modifications of, the subject
4    building(s) of EL SOMBRERO occurred after the compliance date for the Americans with
5    Disabilities Act, January 26, 1992, independently triggering access requirements under Title III
6    of the ADA.

7        44.        Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
8    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
9    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
10   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
11   are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
12   returning to or making use of the public facilities complained of herein so long as the premises
13   and defendants' policies bar full and equal use by persons with physical disabilities.

14       45.        42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with
15   a disability to engage in a futile gesture if such person has actual notice that a person or
16   organization covered by this title does not intend to comply with its provisions". Pursuant to this
17   section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
18   January 26, 2007, but on information and belief, alleges that defendants have continued to violate
19   the law and deny the rights of plaintiffs and of other persons with physical disabilities to access
20   this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
21   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
22   facilities readily accessible to and usable by individuals with disabilities to the extent required by
23   this title".

24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    46.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

2  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

3  the Americans with Disabilities Act of 1990, including but not limited to an order granting

4  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

5  deemed to be the prevailing party.

6         Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

7  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
8      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
9      benefit corporation, and Against Defendants AGNES R. REEVES, as trustee for
       BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL
10     SOMBRERO, inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11     47.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

12  allegations contained in paragraphs 1 through 46 of this complaint.

13     48.    At all times relevant to this action, California Civil Code §54 has provided that

14  persons with physical disabilities are not to be discriminated against because of physical

15  handicap or disability. This section provides that:

16
               (a) Individuals with disabilities . . . have the same rights as
17         the general public to full and free use of the streets, highways,
           sidewalks, walkways, public buildings, medical facilities, including
18         hospitals, clinics, and physicians' offices, and other public places.

19     49.    California Civil Code §54.1 provides that persons with disabilities shall not be

20  denied full and equal access to places of public accommodation or facilities:

21             (a)(1) Individuals with disabilities shall be entitled to full
           and equal access, as other members of the general public, to
22         accommodations, advantages, facilities, medical facilities,
           including hospitals, clinics, and physicians' offices, and privileges
23         of all common carriers, airplanes, motor vehicles, railroad trains,
           motorbuses, streetcars, boats, or any other public conveyances or
24         modes of transportation (whether private, public, franchised,
           licensed, contracted, or otherwise provided), telephone facilities,
25         adoption agencies, private schools, hotels, lodging places, places of
           public accommodation, amusement or resort, and other places to
26         which the general public is invited, subject only to the conditions
           and limitations established by law, or state or federal regulation,
27         and applicable alike to all persons.

28         Civil Code §54.1(a)(1)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    50.    California Civil Code §54.1 further provides that a violation of the Americans

2  with Disabilities Act of 1990 constitutes a violation of section 54.1:

3        (d) A violation of the right of an individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336)
4        also constitutes a violation of this section, and nothing in this
        section shall be construed to limit the access of any person in
5        violation of that act.

6        Civil Code §54.1(d)

7    51.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8  within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9  the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural

10  barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

11  act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal

12  access to defendants' EL SOMBRERO restaurant. As a legal result, plaintiffs are entitled to seek

13  damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have

14  been deterred from visiting the EL SOMBRERO because of their knowledge and belief that the

15  restaurant is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

16        Any person or persons, firm or corporation, who denies or
        interferes with admittance to or enjoyment of the public facilities
17        as specified in Sections 54 and 54.1 or otherwise interferes with
        the rights of an individual with a disability under Sections 54, 54.1
18        and 54.2 is liable for each offense for the actual damages and any
        amount as may be determined by a jury, or the court sitting without
19        a jury, up to a maximum of three times the amount of actual
        damages but in no case less than . . .one thousand dollars ($1,000)
20        and . . . attorney's fees as may be determined by the court in
        addition thereto, suffered by any person denied any of the rights
21        provided in Sections 54, 54.1 and 54.2.

22        Civil Code §54.3(a)

23    52.    On or about October 25, 2006, January 12, 2007 and January 26, 2007 , plaintiff

24  CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff CRAIG

25  YATES was denied access to signage, path of travel, unisex restroom and other public facilities

26  as stated herein at the EL SOMBRERO restaurant and on the basis that plaintiff CRAIG YATES

27  was a person with physical disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
16

1    53.    As a result of the denial of equal access to defendants' facilities due to the acts
2  and omissions of defendants, and each of them, in owning, operating and maintaining these
3  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not
4  limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES suffered
5  physical discomfort and bodily injury. Specifically, as a legal result of defendants negligence in
6  the design, construction and maintenance of the existing food counter shelf which was placed to
7  high and protruded from the wall too far. Plaintiff CRAIG YATES struck his right shoulder on it
8  causing trauma to plaintiff CRAIG YATES. Further, plaintiff CRAIG YATES suffered
9  emotional distress, mental distress, mental suffering, mental anguish, which includes shame,
10  humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are
11  expectedly and naturally associated with a denial of access to a person with physical disabilities,
12  all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act
13  constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity
14  that represents persons with physical disabilities and unable, because of the architectural barriers
15  created and maintained by the defendants in violation of the subject laws, to use the public
16  facilities hereinabove described on a full and equal basis as other persons.

17    54.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
18  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
19  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
20  about October 25, 2006, January 12, 2007 and January 26, 2007 , and on a continuing basis since
21  then, including statutory damages, a trebling of all of actual damages, general and special
22  damages available pursuant to §54.3 of the Civil Code according to proof.

23    55.    As a result of defendants', and each of their, acts and omissions in this regard,
24  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
25  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
26  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
27  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this
28  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1 Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

2 plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

3 the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

4 party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

5     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

6 **III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
7 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
8 benefit corporation and Against Defendants AGNES R. REEVES, as trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL
9 SOMBRERO inclusive)
(Health & Safety Code §19955, *et seq.*)

10

11     56.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

12 the allegations contained in paragraphs 1 through 55 of this complaint.

13     57.     Health & Safety Code §19955 provides in pertinent part:

14     The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the
15 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part
16 "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general
17 public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.
18 When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be
19 made available for the handicapped.

20     58.     Health & Safety Code §19956, which appears in the same chapter as §19955,

21 provides in pertinent part, "accommodations constructed in this state shall conform to the

22 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

23 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

24 public accommodations constructed or altered after that date. On information and belief,

25 portions of the EL SOMBRERO restaurant and/or of the building(s) were constructed and/or

26 altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had

27 alterations, structural repairs, and/or additions made to such public accommodations after July 1,

28 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1  5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
2  additions per Health & Safety Code §19959.

3     59.   Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
4  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
5  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
6  Regulations and these regulations must be complied with as to any alterations and/or
7  modifications of EL SOMBRERO and/or the building(s) occurring after that date. Construction
8  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
9  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
10  On information and belief, at the time of the construction and modification of said building, all
11  buildings and facilities covered were required to conform to each of the standards and
12  specifications described in the American Standards Association Specifications and/or those
13  contained in Title 24 of the California Building Standards Code.

14     60.   Restaurants such as the EL SOMBRERO are "public accommodations or
15  facilities" within the meaning of Health & Safety Code §19955, *et seq*.

16     61.   As a result of the actions and failure to act of defendants, and as a result of the
17  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
18  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of
19  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal
20  access to public facilities.

21     62.   Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
22  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
23  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
24  physical disabilities and prohibiting discrimination against the persons with physical disabilities,
25  and to take such action both in plaintiffs' own interests and in order to enforce an important right
26  affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
27  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
28  §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

2  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

3  3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

4  party.

5      63.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

6  them, to make the subject place of public accommodation readily accessible to and usable by

7  persons with disabilities.

8      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

9  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
       EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
10     **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET
       SEO.* **(THE UNRUH CIVIL RIGHTS ACT)**
11     (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
12     benefit corporation, and Against Defendants AGNES R. REEVES, as trustee for
       BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL
13     SOMBRERO, inclusive)
       (Civil Code §51, 51.5)

14     64.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

15  the allegations contained in paragraphs 1 through 63 of this complaint.

16     65.    Defendants' actions and omissions and failure to act as a reasonable and prudent

17  public accommodation in identifying, removing and/or creating architectural barriers, policies,

18  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

19  Unruh Act provides:

20          This section shall be known, and may be cited, as the
21          Unruh Civil Rights Act.

22          All persons within the jurisdiction of this state are free and
            equal, and no matter what their sex, race, color, religion, ancestry,
23          national origin, or **disability** are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in
24          all business establishments of every kind whatsoever.

25          This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
26          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or **disability.**
27
            Nothing in this section shall be construed to require any
28          construction, alteration, repair, structural or otherwise, or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

66. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

67. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

1   Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

2   violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

3   Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate

4   the entirety of their above cause of action for violation of the Americans with Disabilities Act at

5   35, *et seq.*, as if repled herein.

6       68.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

7   hereinabove described, plaintiff CRAIG YATES has suffered general damages and bodily injury.

8   Specifically, as a legal result of defendants negligence in the design, construction and

9   maintenance of the existing protruding food counter shelf plaintiff CRAIG YATES struck it

10   causing trauma to him. Further, plaintiff CRAIG YATES suffered emotional distress (all to

11   plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

12   Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

13   Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

14   "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed

15   by statute, according to proof if deemed to be the prevailing party.

16   **PRAYER:**

17       Plaintiffs pray that this court award damages and provide relief as follows:

18   **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
19       **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
         (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
20       EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
         corporation, and Against Defendants AGNES R. REEVES, as trustee for BEULAH
21       MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,
         inclusive)
22       (42 U.S.C. §12101, *et seq.*)

23       1.    For injunctive relief, compelling defendants AGNES R. REEVES, as trustee for

24   BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,

25   inclusive, to make the EL SOMBRERO, located at 2101 University Avenue, Berkeley,

26   California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

27   *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

2 | accommodations being offered.

3 |    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

4 | the prevailing party; and

5 |    3.    For such other and further relief as the court may deem proper.

6 | **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
**EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
7 |     **AND 54.3, *ET SEO.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
8 | EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
corporation, and Against Defendants AGNES R. REEVES, as trustee for BEULAH
9 | MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,
inclusive)
10 |     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

11 |    1.    For injunctive relief, compelling defendants AGNES R. REEVES, as trustee for

12 | BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,

13 | inclusive, to make the EL SOMBRERO, located at 2101 University Avenue, Berkeley,

14 | California, readily accessible to and usable by individuals with disabilities, per state law.

15 |    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

16 | each occasion on which plaintiffs were deterred from returning to the subject public

17 | accommodation.

18 |    3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

19 | Procedure §1021.5, if plaintiffs are deemed the prevailing party;

20 |    4.    Treble damages pursuant to Civil Code §54.3;

21 |    5.    For all costs of suit;

22 |    6.    Prejudgment interest pursuant to Civil Code §3291;

23 |    7.    Such other and further relief as the court may deem just and proper.

24 | **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
**EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
25 |     **AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants defendants AGNES R.
26 | REEVES, as trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an
individual dba EL SOMBRERO, inclusive),
27 |     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

28 |    1.    General and compensatory damages according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **IV.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
2  **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
   **§19955, *ET. SEO.***
   (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
3  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendants AGNES R. REEVES, as trustee for BEULAH
4  MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,
   inclusive)
5  (Health & Safety code §19955, *et seq.*)

6      1.      For injunctive relief, compelling defendants AGNES R. REEVES, as trustee for

7  BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,

8  inclusive, to make the EL SOMBRERO, located at 2101 University Avenue, Berkeley,

9  California, readily accessible to and usable by individuals with disabilities, per state law.

10     2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

11 and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

12     3.      For all costs of suit;

13     4.      For prejudgment interest pursuant to Civil Code §3291;

14     5.      Such other and further relief as the court may deem just and proper.

15 **V.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
   **FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
16 **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
   **CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
17 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
18 corporation and Against Defendants AGNES R. REEVES, as trustee for BEULAH
   MASTERSON; SALVADOR A. VARGAS, an individual dba EL SOMBRERO,
19 inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
20
       1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident
21
   and for each occasion on which plaintiffs were deterred from returning to the subject public
22
   accommodation;
23
       2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the
24
   prevailing party;
25
       3.      Treble damages pursuant to Civil Code §52(a);
26
       4.      For all costs of suit;
27
       5.      Prejudgment interest pursuant to Civil Code §3291; and
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Such other and further relief as the court may deem just and proper.

2  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
        FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
3  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
        CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4      (On Behalf of Plaintiff CRAIG YATES and Against Defendants AGNES R. REEVES, as
        trustee for BEULAH MASTERSON; SALVADOR A. VARGAS, an individual dba EL
5      SOMBRERO, inclusive)
        (California Civil Code §§51, 51.5, *et seq.*)

6      1.    General and compensatory damages to plaintiff CRAIG YATES according to

7  proof.

8

9  Dated: _5/23/07_ , 2007        THOMAS E. FRANKOVICH
10                                 *A PROFESSIONAL LAW CORPORATION*

11

12                              By: _____
                                    THOMAS E. FRANKOVICH
13                                 Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                    RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
14                                 HELPING YOU HELP OTHERS, a California public
                                    benefit corporation
15

16                      **DEMAND FOR JURY TRIAL**

17    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

18  Dated: _5/23/07_ , 2007        THOMAS E. FRANKOVICH
                                    *A PROFESSIONAL LAW CORPORATION*
19

20                              By: _____
21                                 THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiffs CRAIG YATES and DISABILITY
22                                 RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
                                    HELPING YOU HELP OTHERS, a California public
23                                 benefit corporation

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES