

1   James J. Zenere, SB No. 151724
    SHEUERMAN, MARTINI & TABARI
2   A Professional Corporation
    1033 Willow Street
3   San Jose, CA  95125
    (408) 288-9700
4   Fax: (408) 295-9900

5   Attorneys for Defendant, AGNES R. REEVES

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  CRAIG YATES, an individual; and DISABILITY      )   No.  07 CV-03033-EDL
    RIGHTS, ENFORCEMENT AND EDUCATION:              )
11  HELPING YOU HELP OTHERS, a California           )
    public benefit corporation,                     )   **ANSWER OF AGNES R. REEVES**
12                                                   )   **TO  PLAINTIFF'S  COMPLAINT**
                                                     )   **FOR INJUNCTIVE RELIEF AND**
13                       Plaintiffs,                 )   **DAMAGES**
                                                     )
14  v.                                               )   **JURY DEMAND**
                                                     )
15                                                   )
    EL SOMBRERO; AGNES R. REEVES, as Trustee        )
16  for Beulah Masterson; SALVADOR VARGAS, an       )
    individual dba EL SOMBRERO,                     )
17                                                   )
                         Defendants.                 )
18  _____ )

19

20          AGNES R. REESE, for herself and no other defendant, responds to the Complaint for

    Injunctive Relief and Damages of Plaintiffs filed in this action, using the same hearing, format and
21
    paragraph numbers as the Complaint for the convenience of the parties, and admits, denies or alleges
22
    as follows:
23
                                    **Introduction**
24
            1.      Defendant admits that Plaintiffs have alleged claims styled as "a civil rights action" for
25
    alleged violations of the statutes identified by plaintiffs, but Defendant lacks information and belief
26
    sufficient to either admit or deny the allegations of paragraph 1 of the Complaint and, on that basis,
27
    denies each allegation contained therein.  Defendant denies there was any "discrimination" on the part
28

    ANSWER TO COMPLAINT                    1

1   of this answering Defendant.

2       2.      Defendant lacks information and belief sufficient to admit or deny the allegations in

3   paragraph 2 of the Complaint, and on that basis, denies the allegations of paragraph 2 of the Complaint.

4                            **Jurisdiction and Venue**

5       3.      Defendant admits that this Court has jurisdiction of the alleged claims of Craig Yates,

6   as to claims of alleged violation of the Americans with Disabilities Act.  Defendant lacks information

7   and belief sufficient to admit or deny the allegations in paragraph 3 of the Complaint and on that basis,

8   denies the remaining allegations of paragraph 3 of the Complaint.  Defendant specifically denies that

9   any plaintiff other than Craig Yates has standing to sue in this action.  Defendant specifically denies that

10  this court has "pendant jurisdiction" of claims arising under state law as alleged in paragraph 3 of the

11  Complaint.

12      4.      Defendant admits the allegations of paragraph 4 of the Complaint re "proper venue,"

13  Defendant lacks information and belief sufficient to admit or deny that "plaintiff's cause of action arose"

14  at all and on that basis denies the allegations of paragraph 4 of the Complaint.

15                                  **Parties**

16      5.      The allegations of paragraph 5 of the complaint constitute legal conclusions to which

17  no response is required.  To the extent a response is required, Defendant lacks information sufficient

18  to admit or deny, and on that basis, denies the allegations of paragraph 5 of the Complaint.

19      6.      Defendant lacks information sufficient to admit or deny, and on that basis, denies the

20  allegations of paragraph 6 of the Complaint.  Defendant specifically denies that any plaintiff other than

21  Craig Yates has standing to sue in this action.

22      7.      The last sentence of paragraph 7 constitutes legal conclusions to which no response is

23  required.  To the extent a response is required for this paragraph, Defendant lacks information sufficient

24  to admit or deny, and on that basis, denies the allegations of paragraph 7 of the Complaint.  Defendant

25  specifically denies that any plaintiff other than Craig Yates has standing to sue in this action.

26      8.      Defendant Agnes R. Reeves admits that she is the owner and lessor of the real property

27  commonly known as 2101 University Avenue, Berkeley, California, and that the portion of real property

28  that is open to the general public is a "public accommodation, "known as El Sombrero."  Defendant

ANSWER TO COMPLAINT                        2

denies the remaining allegations of paragraph 8 of the Complaint.

9.    The last sentence of paragraph 9 constitutes legal conclusions to which no response is required.  Defendants admits she is the owner and lessor of the real property located at 2101 University Avenue, Berkeley, California, and that the portion of that real property that is open to the general public is a "public accommodation."  Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10.    Defendant admits the accuracy of the language of 28 CFR §36.201(b) as alleged in paragraph 10 of the Complaint.  Defendant denies the remaining allegations of paragraph 10 of the Complaint.  Defendant alleges that the lease agreement under which Salvador Vargas dba El Sombrero took possession of the real property commonly known as 2101 University Avenue requires that Salvador Vargas dba El Sombrero comply with all applicable laws.

## Preliminary Factual Allegations

11.    Defendant admits that El Sombrero is located at 2101 University Avenue, Berkeley, California, is a restaurant and that the portion of the restaurant held open to the public is a place of public accommodation.  Defendant lacks information of belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 11 of the Complaint.

12.    Defendant lacks information or belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 12 of the Complaint.

13.    Defendant Agnes R. Reeves denies the allegations of paragraph 13 of the complaint as to herself.  Defendant lacks information or belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 13 of the Complaint.

14.    Defendant lacks information or belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 14 of the Complaint.

15.    Defendant lacks information or belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 15 of the Complaint.

16.    Defendant lacks information or belief sufficient to admit or deny, and on that basis, denies the allegations of paragraph 16 of the Complaint.

17.    Defendant lacks information or belief sufficient to admit or deny, and on that basis,

ANSWER TO COMPLAINT                    3

1    denies the allegations of paragraph 17 of the Complaint.

2        18.    Defendant lacks information or belief sufficient to admit or deny, and on that basis,

3    denies the allegations of paragraph 18 of the Complaint.

4        19.    Defendant lacks information or belief sufficient to admit or deny, and on that basis,

5    denies the allegations of paragraph 19 of the Complaint.

6        20.    The allegations of paragraph 20 constitute legal conclusions to which no response is

7    required.  To the extent that a response is required, Defendant lacks information and belief sufficient

8    to admit or deny, and on that basis denies the allegations of paragraph 20 of the Complaint.

9        21.    The allegations of paragraph 20 constitute legal conclusions to which no response is

10   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

11   to admit or deny, and on that basis denies the allegations of paragraph 21 of the Complaint.

12       22.    The allegations of paragraph 20 constitute legal conclusions to which no response is

13   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

14   to admit or deny, and on that basis denies the allegations of paragraph 22 of the Complaint.

15       23.    The allegations of paragraph 20 constitute legal conclusions to which no response is

16   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

17   to admit or deny, and on that basis denies the allegations of paragraph 23 of the Complaint.  Defendant

18   specifically denies that any other plaintiff besides Craig Yates has standing in this action.

19       24.    The allegations of paragraph 20 constitute legal conclusions to which no response is

20   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

21   to admit or deny, and on that basis denies the allegations of paragraph 24 of the Complaint.

22       25.    The allegations of paragraph 20 constitute legal conclusions to which no response is

23   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

24   to admit or deny, and on that basis denies the allegations of paragraph 25 of the Complaint.

25       26.    The allegations of paragraph 26 constitute legal conclusions to which no response is

26   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

27   to admit or deny, and on that basis denies the allegations of paragraph 20 of the Complaint.  Defendant

28   specifically denies that "the membership of DREES" has standing in this action.

ANSWER TO COMPLAINT                    4

27.    The allegations of paragraph 20 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 27 of the Complaint.

28.    Defendant Agnes R. Reeves denies the allegations of paragraph 28 of the Complaint, and denies that she has engaged in any activity which warrants injunctive relief or statutory damages as against her.  Defendant lacks information and belief sufficient to admit or deny and on that basis, Defendant specifically denies that any other plaintiff besides Craig Yates has standing.

29.    The allegations of paragraph 20 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 29 of the Complaint.

30.    The allegations of paragraph 20 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 30 of the Complaint.

31.    The allegations of paragraph 31 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 31 of the Complaint. Defendant denies any "intentionally" harmful conduct or otherwise acting with "actual or implied malice" or engaging in any "despicable conduct" or acting "with a willful and conscious disregard."

32.    The allegations of paragraph 32 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 32 of the Complaint.

33.    The allegations of paragraph 33 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 33 of the Complaint. Defendant specifically denies engaging in any conduct in "willful disregard" or "despicable conduct in conscious disregard" or plaintiff's rights or others similarly situated.

34.    Defendant denies that there is an impediment that prevents plaintiff from returning to El Sombrero.  Defendant has no information or belief sufficient to admit or deny, and on that basis,

ANSWER TO COMPLAINT                    5

1  denies the remaining allegations of paragraph 34 of the Complaint.

2  **First Cause of Action**

3  35.    Defendant incorporates by reference and alleges her responses to paragraphs 1 through

4  34 as though set forth in full in this paragraph.

5  36.    The allegations of paragraph 36 constitute legal conclusions to which no response is

6  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

7  to admit or deny, and on that basis denies the allegations of paragraph 36 of the Complaint.

8  37.    The allegations of paragraph 37 constitute legal conclusions to which no response is

9  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

10  to admit or deny, and on that basis denies the allegations of paragraph 37 of the Complaint.

11  38.    Defendant states that the statute speaks for itself, for which no response is required.

12  39.    Defendant states that the statute speaks for itself, for which no response is required.

13  40.    The allegations of paragraph 40 constitute legal conclusions to which no response is

14  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

15  to admit or deny, and on that basis denies the allegations of paragraph 40 of the Complaint.

16  41.    The allegations of paragraph 41 constitute legal conclusions to which no response is

17  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

18  to admit or deny, and on that basis denies the allegations of paragraph 41 of the Complaint.

19  42.    The allegations of paragraph 42 constitute legal conclusions to which no response is

20  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

21  to admit or deny, and on that basis denies the allegations of paragraph 42 of the Complaint.

22  43.    The allegations of paragraph 43 constitute legal conclusions to which no response is

23  required.  To the extent that a response is required, Defendant lacks information and belief sufficient

24  to admit or deny, and on that basis denies the allegations of paragraph 43 of the Complaint.

25  44.    The allegations of paragraph 44 constitute legal conclusions to which no response is

26  required.  To the extent that the allegations contained therein set forth legal remedies, Defendant lacks

27  information and belief sufficient to admit or deny, and on that basis denies that plaintiffs are entitled to

28  any such remedies and denies the remaining allegations of paragraph 44 of the Complaint.

ANSWER TO COMPLAINT                    6

45.    The allegations of paragraph 45 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 45 of the Complaint.

46.    Defendant Agnes R. Reeves admits that plaintiffs are seeking relief, but denies that plaintiffs are entitled to any relief against her.

### Second Cause of Action

47.    Defendant incorporates by reference and alleges her responses to paragraphs 1 through 46 as though set forth in full in this paragraph.

48.    The statute speaks for itself for which no response is required.

49.    The statute speaks for itself for which no response is required.

50.    The statute speaks for itself for which no response is required.

51.    The statute speaks for itself for which no response is required.  To the extent that the allegations of paragraph 51 constitute legal conclusions, no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 51 of the Complaint.

52.    The allegations of paragraph 52 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 52 of the complaint.

53.    The allegations of paragraph 53 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 53 of the complaint.

54.    The allegations of paragraph 54 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 54 of the complaint.

55.    The allegations of paragraph 55 constitute legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on that basis denies the allegations of paragraph 55 of the complaint.

1

### Third Cause of Action

2      56.    Defendant incorporates by reference and alleges her responses to paragraphs 1 through

3 55 as though set forth in full in this paragraph.

4      57.    The statute speaks for itself for which no response is required.

5      58.    The statute speaks for itself for which no response is required.  To the extent the

6 allegations of paragraph 58 constitute legal conclusions to which no response is required.  To the extent

7 that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on

8 that basis denies the allegations of paragraph 58 of the complaint.

9      59.    The allegations of paragraph 59 constitute legal conclusions to which no response is

10 required.  To the extent that a response is required, Defendant lacks information and belief sufficient

11 to admit or deny, and on that basis denies the allegations of paragraph 59 of the complaint.

12     60.    The allegations of paragraph 60 constitute legal conclusions to which no response is

13 required.  To the extent that a response is required, Defendant lacks information and belief sufficient

14 to admit or deny, and on that basis denies the allegations of paragraph 60 of the complaint.  Defendant

15 admits El Sombrero is a public restaurant.

16     61.    The allegations of paragraph 61 constitute legal conclusions to which no response is

17 required.  To the extent that a response is required, Defendant lacks information and belief sufficient

18 to admit or deny, and on that basis denies the allegations of paragraph 61 of the complaint.

19     62.    Defendant states that the remedies sought by plaintiffs in paragraph 62 speak for

20 themselves, but lacks information and belief sufficient to admit or deny, and on that basis denies that

21 plaintiffs are entitled to any such remedies and denies the remaining allegations of paragraph 62 of the

22 complaint.

23     63.    Defendant states that the remedies sought by plaintiffs speak for themselves, but lacks

24 information and belief sufficient to admit or deny, and on that basis denies that plaintiffs are entitled to

25 any such remedies.

26

### Fourth Cause of Action

27     64.    Defendant incorporates by reference and alleges her responses to paragraphs 1 through

28 63 as though set forth in full in this paragraph.

ANSWER TO COMPLAINT                    8

1    65.    The statute speaks for itself for which no response is required.  To the extent the

2    allegations of paragraph 65 constitute legal conclusions to which no response is required.  To the extent

3    that a response is required, Defendant lacks information and belief sufficient to admit or deny, and on

4    that basis denies the allegations of paragraph 65 of the complaint.

5    66.    The statute speaks for itself for which no response is required.

6    67.    The allegations of paragraph 67 constitute legal conclusions to which no response is

7    required.  To the extent that a response is required, Defendant lacks information and belief sufficient

8    to admit or deny, and on that basis denies the allegations of paragraph 67 of the complaint.

9    68.    The allegations of paragraph 68 constitute legal conclusions to which no response is

10   required.  To the extent that a response is required, Defendant lacks information and belief sufficient

11   to admit or deny, and on that basis denies the allegations of paragraph 68 of the complaint.

12                            **AFFIRMATIVE DEFENSES**

13                         **FIRST AFFIRMATIVE DEFENSE**

14                       **(Failure to State Cause of Action)**

15   As and for a first, separate, and affirmative defense, defendant asserts that the Complaint, and

16   each cause of action therein, fails to state facts sufficient to constitute a cause of action against this

17   answering defendant.

18                       **SECOND AFFIRMATIVE DEFENSE**

19                               **(Estoppel)**

20   As and for a second, separate, and affirmative defense, defendant asserts that the Complaint,

21   and each cause of action therein, is barred by the doctrine of estoppel and that plaintiff unreasonably

22   delayed the filing of the complaint and notifying defendant and that the delay is prejudicial to defendant

23   in her defense of this action thereby barring or diminishing plaintiff's recovery under the doctrine of

24   estoppel.

25                         **THIRD AFFIRMATIVE DEFENSE**

26                       **(Failure to Mitigate Damages)**

27   As and for a third, separate, and affirmative defense, defendant asserts that plaintiff failed and

28   neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained

ANSWER TO COMPLAINT                    9

1  of, if any there are.

2  **FOURTH AFFIRMATIVE DEFENSE**

3  **(Waiver)**

4  As and for a fourth, separate, and affirmative defense, defendant asserts that the Complaint,

5  and each cause of action therein, is barred on the grounds that plaintiff, knowingly and voluntarily

6  waived any and all rights to recovery any relief from this answering defendant.

7  **FIFTH AFFIRMATIVE DEFENSE**

8  **(No Duty Owed)**

9  As and for a fifth, separate, and affirmative defense, defendant asserts that this answering

10  defendant did not owe a duty to plaintiff with regard to the allegations in the Complaint, and that

11  plaintiff, therefore, is barred from recovering from this answering defendant.

12  **SIXTH AFFIRMATIVE DEFENSE**

13  **(Business Judgment Rule)**

14  As and for a sixth, separate, and affirmative defense, defendant asserts that the cause of action

15  against this answering defendant is barred by the Business Judgment Rule.

16  **SEVENTH AFFIRMATIVE DEFENSE**

17  As and for a seventh, separate, and affirmative defense, defendant asserts removal of the

18  barriers complained of by plaintiff were not "readily achievable" under Sec. 302(b)(2)(A)(iv) and

19  alternative methods are not readily achievable under Sec. 302(b)(2)(A)(v) of the ADA.

20  **EIGHTH AFFIRMATIVE DEFENSE**

21  As an for an eighth, separate, and affirmative defense, defendant is informed and believes, and

22  therefore alleges and asserts as an affirmative defense that as to each cause of action, plaintiff's alleged

23  damages, if any, were wholly or partly contributed to and proximately caused by third parties over

24  which defendant had no control.

25  **NINTH AFFIRMATIVE DEFENSE**

26  As a ninth, separate, and affirmative defense, defendant is informed, believes and therefore

27  alleges as an affirmative defense that plaintiff, by his own actions and conduct, failed to exercise

28  reasonable care and diligence on his own behalf, thereby causing or contributing to his alleged damages,

ANSWER TO COMPLAINT                10

1  if any there were.  Plaintiff's recovery against defendant, if any, must be reduced by the proportion of

2  damages caused by his own acts and conduct.

3                          **TENTH AFFIRMATIVE DEFENSE**

4          As a tenth, separate, and affirmative defense, defendant asserts that the complaint, and each

5  cause of action therein, is stated in conclusory terms, and thereby defendant cannot fully anticipate all

6  affirmative defenses that may be applicable to this action.  Accordingly, this defendant hereby reserves

7  the right to add additional affirmative defenses, if any, to the extent such affirmative defenses are

8  applicable to this action and/or become known in the course of discovery.

9                          **ELEVENTH AFFIRMATIVE DEFENSE**

10         As and for an eleventh, separate, and affirmative defense to the Complaint on file herein and

11  to each cause of action contained therein, this answering defendant alleges that plaintiffs' Complaint,

12  to the extent that it seeks punitive or exemplary damages, violates defendant's rights to procedural due

13  process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the

14  State of California, and therefore fails to state a cause of action upon which either punitive or exemplary

15  damages can be awarded.

16                          **TWELFTH AFFIRMATIVE DEFENSE**

17         As and for a twelfth, separate, and affirmative defense to the Complaint on file herein and

18  to each cause of action contained therein, this answering defendant alleges that plaintiffs'

19  Complaint, to the extent that it seeks punitive or exemplary damages, violates defendant's rights to

20  protection from "excessive fines" as provided in the Eighth Amendment of the United States

21  Constitution and Article I, Section 17, of the Constitution of the State of California, and violates

22  defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of

23  the United States Constitution and the Constitution of the State of California, and therefore fails to

24  state a cause of action supporting the punitive or exemplary damages claimed.

25                          **THIRTEENTH AFFIRMATIVE DEFENSE**

26         As and for a thirteenth, separate, and affirmative defense to the Complaint on file herein

27  and to each cause of action contained therein, this answering defendant alleges on information and

28  belief, and on that basis alleges that plaintiffs' Complaint, and each cause of action therein, is barred

ANSWER TO COMPLAINT                    11

1  by reason of Article VI of the United States Constitution.

2  **FOURTEENTH AFFIRMATIVE DEFENSE**

3  As and for a fourteenth, separate, and affirmative defense to the Complaint on file herein

4  and to each cause of action contained therein, this answering defendant alleges that all or part of

5  plaintiffs' claims for relief are barred by the relevant statute of limitations.

6  WHEREFORE, Defendant Agnes R. Reeves denies that plaintiffs are entitled to any relief,

7  and pray that nothing be taken by reason of the complaint, that the complaint be dismissed with

8  prejudice, that judgment be entered in favor of defendant, Agnes R. Reeves, and that defendant

9  Agnes R. Reeves be awarded costs of suit incurred herein, including reasonable attorneys fees, and

10  such other relief as the court deems proper.

11  Dated: November 6, 2007                    SHEUERMAN, MARTINI & TABARI

12

13                                            By: /s/ James J. Zenere
                                                  JAMES J. ZENERE
14                                                Attorneys for Defendant,
                                                  AGNES R. REEVES
15
                                     **DEMAND FOR JURY TRIAL**
16
        Defendant, AGNES R. REEVES, hereby demands a trial by jury.
17

18
    Dated: November 6, 2007                    SHEUERMAN, MARTINI & TABARI
19

20                                            By: /s/ James J. Zenere
                                                  JAMES J. ZENERE
21                                                Attorneys for Defendant,
                                                  AGNES R. REEVES
22

23

24

25

26

27

28

ANSWER TO COMPLAINT                    12